RECEIVED
APR 0 9 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Louis Edward Cox III**

Plaintiff(s),

vs.

Case No. 26-CV-01838
(To be assigned by Clerk of District Court)

**Officer Jonathan Pobuda et al.**

DEMAND FOR JURY TRIAL

YES ☑ NO ☐

Defendant(s).

(Enter the full name(s) of ALL defendants in this lawsuit. Please attach additional sheets if necessary).

Amended
**COMPLAINT**

PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

| | |
|---|---|
| Name | **Louis Edward Cox III** |
| Street Address | **2020 25th Ave N. apt#2** |
| County, City | **Henepin County, Minneapolis** |
| State & Zip Code | **MN 55411** |
| Telephone Number | **(708) 483-2233** |

SCANNED
APR 0 9 2026
U.S. DISTRICT COURT MPLS

CASE NO. 26-CV-01838

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Question ☐ Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue? List all that apply.

**42 U.S.C. ss 1983, 42 U.S.C. 1988, Fourth Amendment, Fourteenth Amendment, First Amendment. Federal Question jurisdiction under 28 U.S.C. § 1331, based on constitutional claims brought pursuant to 42 U.S.C. § 1983.**

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

| | |
|---|---|
| Plaintiff Name: | State of Citizenship: |
| Defendant No. 1: | State of Citizenship: |
| Defendant No. 2: | State of Citizenship: |

**Attach additional sheets of paper as necessary and label this information as paragraph 5.**
**Check here if additional sheets of paper are attached.** ☐

6. What is the basis for venue in the District of Minnesota? (*check all that apply*)

☑ Defendant(s) reside in Minnesota ☑ Facts alleged below primarily occurred in Minnesota

☑ Other: explain

**This action arises under 42 U.S.C. § 1983 for violations of Plaintiff' s rights under the Fourth and Fourteenth Amendments to the United States Constitution, including unlawful warrantless entry, unlawful search and seizure, and related constitutional** violations.

STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Each paragraph must be numbered

separately, beginning with number 7. Please write each single set of circumstances in a separately numbered paragraph.

7.

**Plaintiff brings this action under 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.**
**8. At all relevant times, Defendants were acting under color of state law as officers and/or agents of the City of Minneapolis Police Department.**
**9. The events giving rise to this action occurred at Plaintiff' s residence in Minneapolis, Minnesota.**
**CORE FACT**
**10. On the date of the incident, law enforcement officers entered Plaintiff' s residence at approximately 10:58 PM, as reflected in body-camera and video evidence.**
**11. At the time of entry, no search warrant had been issued, presented, or executed.**
**12. Plaintiff did not consent to entry.**
**13. No exigent circumstances existed that would justify a warrantless entry into Plaintiff's residence.**
**TIMELINE LOCK**
**14. A search warrant was not issued until approximately 11:52 PM, nearly one hour after 15. Defendants had already entered the residence.**
**16. Defendants therefore conducted a warrantless entry into a private residence prior to judicial authorization.**

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached:** ☑
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

**Plaintiff respectfully requests that the Court:**
**Enter judgment in Plaintiff's favor;**
**Award compensatory damages in an amount of;** $10,000,000
**Award punitive damages against individual Defendants;**
**Grant injunctive relief as appropriate;**
**Award costs and any other relief the Court deems just and proper.**

## COMPLAINT SECTION
## (STATEMENT OF CLAIM + COUNTS)

### STATEMENT OF THE CLAIM

7. Plaintiff brings this action under **42 U.S.C. § 1983** for violations of his rights under the **Fourth and Fourteenth Amendments** to the United States Constitution.
8. At all relevant times, Defendants were acting under color of state law as officers and/or agents of the City of Minneapolis Police Department.
9. The events giving rise to this action occurred at Plaintiff's residence in Minneapolis, Minnesota.

### CORE FACTUAL ALLEGATIONS

10. On the date of the incident, law enforcement officers arrived at Plaintiff's residence and entered at approximately **10:58 PM**, as reflected in body-camera and video evidence.
11. At the time of entry, **no search warrant had been issued, presented, or executed**.
12. Plaintiff did not consent to the entry.
13. No exigent circumstances existed that would justify a warrantless entry into Plaintiff's residence.

### TIMELINE OF VIOLATION

14. A search warrant was not issued until approximately **11:52 PM**, nearly one hour after Defendants had already entered the residence.
15. Defendants therefore conducted a **warrantless entry into a private residence prior to judicial authorization**.

### GENERAL CONSTITUTIONAL VIOLATIONS

16. Warrantless entry into a home is presumptively unconstitutional.
17. Defendants' actions constituted an **unreasonable search and seizure** in violation of the Fourth Amendment.
18. The warrant obtained after entry did not and could not retroactively justify the unlawful intrusion.
19. Any evidence obtained as a result of the unlawful entry is tainted by the initial illegality.
20. Upon information and belief, the warrant application failed to disclose that officers had already entered Plaintiff's residence prior to seeking judicial authorization.
21. Such omission constitutes a material misrepresentation or omission in violation of constitutional standards governing warrant applications.
22. Defendants' conduct included unlawful entry, unlawful search, and actions taken following that entry that violated Plaintiff's constitutional rights.
23. Defendants failed to intervene to prevent constitutional violations despite having the opportunity to do so.

## COUNT I
## UNLAWFUL WARRANTLESS ENTRY

**Fourth Amendment – 42 U.S.C. § 1983**

24. Plaintiff incorporates all preceding paragraphs.
25. Defendants entered Plaintiff's residence without a warrant.
26. No exigent circumstances justified entry.
27. Plaintiff did not consent to entry.
28. Such conduct constitutes a violation of Plaintiff's Fourth Amendment rights.

## COUNT II
## UNLAWFUL SEARCH AND SEIZURE

**Fourth Amendment – 42 U.S.C. § 1983**

29. Plaintiff incorporates all preceding paragraphs.
30. Defendants conducted a search and seizure following an unlawful entry.
31. The search and seizure were the direct result of the initial constitutional violation.
32. All evidence obtained is tainted by the unlawful entry.
33. Defendants violated Plaintiff's Fourth Amendment rights.

## COUNT III
## FALSE OR MISLEADING WARRANT AFFIDAVIT

**Fourth Amendment – Franks Violation (§1983)**

34. Plaintiff incorporates all preceding paragraphs.
35. Defendants prepared and/or relied upon a warrant application that omitted material facts.
36. Specifically, the application failed to disclose that officers had already entered Plaintiff's residence prior to seeking a warrant.
37. This omission was material to the finding of probable cause.
38. Such conduct constitutes a violation of Plaintiff's Fourth Amendment rights.

## COUNT IV
## MALICIOUS PROSECUTION

**Fourth Amendment – 42 U.S.C. § 1983**

39. Plaintiff incorporates all preceding paragraphs.
40. Defendants initiated criminal proceedings against Plaintiff.
41. The proceedings were based on evidence obtained through unlawful entry and search.
42. The criminal case terminated in Plaintiff's favor.
43. Plaintiff suffered damages as a result.
44. Defendants violated Plaintiff's constitutional rights.

## COUNT V

## CIVIL CONSPIRACY

**42 U.S.C. § 1983**

45. Plaintiff incorporates all preceding paragraphs.
46. Defendants acted jointly and in concert to violate Plaintiff's constitutional rights.
47. Multiple officers participated in the unlawful entry and subsequent conduct.
48. Such coordinated action constitutes a civil conspiracy under §1983.

## COUNT VI
## FAILURE TO INTERVENE

**42 U.S.C. § 1983**

49. Plaintiff incorporates all preceding paragraphs.
50. Defendants were present during the violation of Plaintiff's constitutional rights.
51. Defendants had the opportunity to prevent or stop the unlawful conduct.
52. Defendants failed to intervene.
53. Such failure constitutes a violation of Plaintiff's rights.

## COUNT VII
## SUPERVISORY LIABILITY

**42 U.S.C. § 1983**

54. Plaintiff incorporates all preceding paragraphs.
55. Supervisory Defendants knew or should have known of the unconstitutional conduct.
56. They failed to properly supervise, train, or discipline subordinate officers.
57. Their actions and omissions caused the violation of Plaintiff's rights.

## COUNT VIII
## MUNICIPAL LIABILITY (MONELL)

**City of Minneapolis – 42 U.S.C. § 1983**

58. Plaintiff incorporates all preceding paragraphs.
59. The City of Minneapolis maintained policies, customs, or practices that allowed unconstitutional conduct.
60. These include:
    a. Failure to train officers on warrant requirements;
    b. Failure to supervise officers;
    c. Tolerance of unlawful entry practices.
61. These policies and failures directly caused the violation of Plaintiff's constitutional rights.

## COUNT IX
## UNREASONABLE SEIZURE AND RETENTION OF PROPERTY

**Fourth & Fourteenth Amendments – 42 U.S.C. § 1983**

64. Plaintiff incorporates all preceding paragraphs.

65. Defendants seized Plaintiff's cellular phone during or following the unlawful search.
66. Plaintiff's phone contains highly personal and private information.
67. Defendants retained possession of Plaintiff's phone for an extended period, including through the duration of the criminal case.
68. The criminal case was ultimately dismissed.
69. Defendants' continued retention of Plaintiff's property was unreasonable and violated Plaintiff's Fourth Amendment rights.
70. Defendants failed to provide adequate process for the return of Plaintiff's property, in violation of the Fourteenth Amendment.
71. Plaintiff suffered damages as a result of the unlawful seizure and retention of his property.

**DAMAGES**

72. As a direct and proximate result of Defendants' actions, Plaintiff suffered:

- Violation of constitutional rights
- Invasion of privacy
- Emotional distress
- Reputational harm
- Other damages to be proven

**CAUSATION**

73. Defendants' actions were the direct and proximate cause of Plaintiff's injuries

## UNREASONABLE SEIZURE OF PROPERTY

**Fourth Amendment – §1983**

**Key Case:**

- Soldal v. Cook County

Property seizure = Fourth Amendment issue

## PROLONGED RETENTION

**Key Case:**

- United States v. Place

Seizure must be **reasonable in duration**

**Also relevant:**

- Riley v. California

Phones = **heightened privacy protection**

## POST-DEPRIVATION DUE PROCESS

**Fourteenth Amendment**

**Key Case:**

- City of West Covina v. Perkins

Government must provide process to recover property

Signed this **9th** day of **April,** 2026

Signature of Plaintiff

Mailing Address **2020 25th Ave. N. apt#2**

**Minneapolis, MN, 55411**

Telephone Number **(708) 483-2233**

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.