CASE No 26-CV-1838

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Louis Edward Cox III**

Plaintiff(s),

vs.

Case No. **26-cv-1838(NEB/EMB)**

**Officer Jonathan Pobuda et al.**

Defendant(s).

RECEIVED

JUN 0 5 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**MOTION TO/FOR**

**LEAVE TO FILE AMENDED COMPLAINT**

The following party/parties:
**Louis Edward Cox III**

in the above-named case hereby move(s) the United States District Court, District of Minnesota

for an Order to:

**Grant Plaintiff leave pursuant to Federal Rule of Civil Procedure 15(a)(2) to file the attached Amended Complaint incorporating newly developed factual allegations and supplemental evidentiary material relevant to previously dismissed claims involving conspiracy, supervisory liability, Monell liability, ratification, failure to train, and deliberate indifference.**

LT SCANNED
JUN 0 5 2026
U.S. DISTRICT COURT MPLS

***UNITED STATES DISTRICT COURT***

***DISTRICT OF MINNESOTA***

***Louis Edward Cox III***

*Plaintiff,*

*v.*

***Officer Jonathon Pobuda et al.***

*Defendant,*

*Case No. 26-cv-1838(NEB/EMB)*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Louis Edward Cox III, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file an amended complaint incorporating newly developed factual allegations and supplemental evidentiary material relevant to previously dismissed claims involving conspiracy, supervisory liability, Monell liability, failure to train, ratification, and deliberate indifference.

In support of this Motion, Plaintiff states as follows:

1. Plaintiff previously filed a Complaint alleging violations of Plaintiff's constitutional rights arising from an alleged warrantless entry, unlawful search and seizure, misleading warrant-related omissions, malicious prosecution, and related constitutional violations.
2. The Court permitted several Fourth Amendment and related constitutional claims to proceed beyond initial screening pursuant to 28 U.S.C. § 1915, including claims involving alleged pre-warrant entry, unlawful search and seizure, Franks-related omissions, malicious prosecution, and continued property retention.
3. The Court dismissed certain claims without prejudice, including allegations relating to conspiracy, supervisory liability, Monell liability, and related municipal or coordinated-action theories, concluding that the Complaint lacked sufficient factual specificity at the pleading stage.
4. Plaintiff now possesses additional factual material and evidentiary allegations not fully developed within the original pleading, including surveillance footage allegedly depicting:

a. multiple officers assembled outside Plaintiff's residence before issuance of the search warrant;
b. coordinated discussions and operational staging before entry;
c. officers allegedly utilizing keys obtained during the prior traffic stop;
d. coordinated pre-entry conduct occurring prior to judicial authorization;
e. body-worn cameras present during the events in question.

5. Plaintiff further alleges that portions of the relevant body-worn-camera recordings allegedly lack corresponding audio during critical pre-entry discussions and operational activity.
6. Plaintiff further alleges that recently obtained witness disclosures, Brady/Giglio proceedings, Internal Affairs review materials, Office of Police Conduct Review involvement, and related supervisory-review structures materially strengthen the plausibility of the previously dismissed claims and support discovery into:
   a. supervisory authorization;
   b. ratification;
   c. operational coordination;
   d. report-review procedures;
   e. municipal customs or practices;
   f. failures to supervise or train;
   g. evidence-preservation procedures;
   h. body-camera compliance practices.
7. Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires."
8. Plaintiff respectfully submits that amendment is appropriate because:
   a. the proposed amendment is supported by newly developed factual allegations;
   b. the amendment is not sought in bad faith;
   c. the litigation remains in an early procedural posture;
   d. Defendants have not yet suffered undue prejudice;
   e. amendment would assist resolution of claims on the merits;
   f. the supplemental allegations materially strengthen the plausibility of the previously dismissed claims.
9. Plaintiff respectfully submits that the proposed amendment is neither futile nor conclusory because the supplemental allegations now include:
   a. surveillance-based factual allegations;
   b. coordinated pre-entry activity;
   c. operational discussions before warrant issuance;
   d. supervisory and ratification inferences;
   e. body-camera and evidence-preservation concerns;
   f. additional factual allegations supporting municipal-liability discovery.

10. Plaintiff respectfully requests leave to file the proposed Amended Complaint attached hereto.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant Plaintiff leave to file the proposed Amended Complaint;

B. Direct the Clerk of Court to docket the Amended Complaint upon filing;

C. Permit the amended claims and supplemental allegations to proceed pursuant to Federal Rule of Civil Procedure 15;

D. Grant such other and further relief as the Court deems just and proper.

Dated: 06/03/2026_

Respectfully submitted,

Louis Edward Cox III
1811 Irving Ave N
Minneapolis, MN 55411
Phone: 708-483-2233

because:

1.
**Plaintiff respectfully submits that amendment is appropriate because Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend when justice so requires.**

2.
**Plaintiff now possesses additional factual material and evidentiary allegations: coordinated discussions officers allegedly utilizing keys obtained during the prior traffic stop; coordinated pre-warrant conduct occurring prior to judicial authorization;**

Said motion is based upon the attached Memorandum of Law,
**SEE ATTACHED**

and all of the files, records, and proceedings herein.

Signed this **3rd** day of **June,** 2026

Signature of Party [signature]

Mailing Address **1811 IRVING AVE N**
**MINNEAPOLIS MN 55411**

Telephone Number **(708) 483-2233**

Note: All parties filing the motion must date and sign the Motion and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary. The motion must be served on each party, together with the notice of hearing, and any memorandum of law and accompanying documents.