RECEIVED
JUN 05 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LOUIS EDWARD COX, III,

Plaintiff,

v.

JONATHAN POBUDA, MARCUS OTTNEY, KLUND, HAMILTON E., SNELL S., SCHROEDER A., CAIN M., DOES 1–10, and CITY OF MINNEAPOLIS,

Defendants.

Case No. 26-CV-1838 (NEB/EMB)

ORDER

LT SCANNED
JUN 05 2026
U.S. DISTRICT COURT MPLS

---

This case comes before the Court on (among other things) Plaintiff Louis Edward Cox III's amended complaint (ECF Nos. 12–14) and application to *proceed in forma pauperis* ("IFP") (ECF No. 2).[1] For the reasons below, the Court dismisses part of the amended

---

[1] After filing his original complaint (ECF No. 1), but before serving Defendants and before Defendants filed any responsive pleadings or Rule 12 motions, Cox filed his amended complaint. (ECF No. 12.) Cox was therefore entitled to amend once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). The amended complaint is now the operative pleading; it supersedes the original complaint, which should be "without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (citing *Washer v. Bullitt Cnty.*, 110 U.S. 558, 562 (1884)). But the amended complaint contains no defendant list: the caption simply reads "Officer Jonathan Pobuda et al.," the template form's defendant-listing section is omitted, and the contemporaneously filed memorandum and affidavit use the same short caption. (*See* ECF No. 12 at 1; ECF No. 13 at 1; ECF No. 14 at 1.) Construing Cox's *pro se* filings liberally, and despite the ordinary rule of supersession, the Court assumes that Cox intends for the defendants in the amended complaint to be the same as those identified in the original complaint. Even so, some confusion remains, *see infra* note 2.

CASE 0:26-cv-01838-NEB-EMB Doc. 28 Filed 06/01/26 Page 2 of 13

complaint, grants the IFP application, and takes steps to initiate service on the remaining Defendants.

## BACKGROUND

Cox alleges that the Minneapolis Police Department ("MPD") entered his home at 10:58 p.m. one evening without a search warrant. (ECF No. 12 ("Am. Compl.") at 3[2] ¶ 10.) The amended complaint states that the search warrant did not issue until 11:52 p.m. (*i.e.*, fifty-four minutes after officers entered and secured the residence). (*Id.* at 3 ¶ 14.[3]) Cox alleges that no exigent circumstances existed justifying the warrantless entry. (*Id.* at 4 ¶ 13.)

Despite this, criminal charges were filed against Cox, and he was prosecuted until the charges were eventually dismissed in his favor. (*See id.* at 5 ¶¶ 40–42.) Cox also alleges that during the search, officers "seized" his cell phone and "retained possession" of it "for an extended period, including through the duration of the case." (*Id.* at 7 ¶¶ 65, 67.[4])

He sues seven named MPD officers: Jonathan Pobuda, Marcus Ottney, Sergeant David Klund, Eric Hamilton, "Snell S.," "A. Schroeder," and "M. Cain," each in both

[2] All page citations to the record reference ECF pagination. Because the amended complaint contains repeated paragraph numbers, the Court includes the page number before citing the paragraph number.

[3] Cox alleges the warrant affidavit omitted a material fact: that officers entered and secured his residence before the warrant application was submitted. (Am. Compl. at 4 ¶ 20.) He contends that this omission made the affidavit fundamentally misleading. (*Id.* at 4 ¶ 21.)

[4] On the Court's read, it is unclear whether Cox ever recovered his cell phone.

CASE 0:26-cv-01838-NEB-EMB Doc. 28 Filed 06/01/26 Page 3 of 13

individual and official capacities. (*See* ECF No. 1-1 at 1.) Cox also names "Does 1–10," described as "[u]nknown peace officers involved in the arrest," and the City of Minneapolis.[5] (*See id.* at 1–2.)

The amended complaint raises nine counts, which Cox labels as follows: (I) "unlawful warrantless entry"; (II) "unlawful search and seizure"; (III) "false or misleading warrant affidavit"; (IV) "malicious prosecution"; (V) "civil conspiracy"; (VI) "failure to intervene"; (VII) "supervisory liability"; (VIII) "municipal liability"; and (IX) "unreasonable seizure and retention of property." (*Id.* at 5–7 ¶¶ 24–71 (capitalization amended).) For relief, Cox seeks compensatory damages of $10,000,000, punitive damages, injunctive relief "as appropriate," and costs. (*Id.* at 3.)

## ANALYSIS

### I. Legal Standard

Rather than pay this action's filing fee, Cox submitted an IFP application, which suggests that, financially, he qualifies for IFP status. But under the federal statute governing IFP proceedings, a court must "dismiss [an IFP proceeding] at any time if the

---

[5] Cox's early filings present three slightly different lists of named defendants. The standard-form complaint (ECF No. 1) names Pobuda, Ottney, and Klund on the preprinted defendant lines, with a checkmark indicating additional sheets are attached. (*See* ECF No. 1 at 2.) The caption at ECF No. 1-1 adds "Hamilton E.," "Snell S.," "Schroeder A.," "Cain M.," Does 1–10, and the City of Minneapolis. (ECF No. 1-1 at 2–3.) An interior caption of the same document refines the list (*e.g.*, naming "Officer Eric Hamilton" rather than "Hamilton E.") but omits "Snell S." (*Id.* at 3.) Because courts must construe *pro se* complaints liberally, the Court treats the full Defendant roster as the combination of all three lists.

CASE 0:26-cv-01838-NEB-EMB Doc. 28 Filed 06/01/26 Page 4 of 13

court determines that" the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

To determine whether a complaint states a claim, a court accepts its factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 836 (8th Cir. 2014) (citation omitted). The allegations need not be detailed, but they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Assessing plausibility is "context-specific" and requires courts to "draw on [their] judicial experience and common sense." *Id.* at 679; *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (per curiam). Although courts must construe *pro se* complaints like Cox's liberally, such pleadings must still allege enough facts to support the asserted claims. *Sandknop v. Mo. Dep't of Corrs.*, 932 F.3d 739, 741 (8th Cir. 2019).

## II. Standing for Prospective Declaratory and Injunctive Relief

Cox seeks unspecified injunctive relief. (*See* Am. Compl. at 3.) But the amended complaint describes a prior incident and does not allege a real and immediate threat that Cox will face a similar unlawful entry and search by these Defendants. Past exposure to allegedly illegal conduct does not, by itself, establish standing to seek prospective injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983); *Frost v. Sioux City*, 920 F.3d 1158, 1161 (8th Cir. 2019). The Court therefore dismisses Cox's request for injunctive relief, without prejudice, for lack of Article III standing.

## III. Civil Conspiracy

To plead a Section 1983 civil-conspiracy claim, a plaintiff must allege facts plausibly showing that (1) defendant conspired with others to deprive plaintiff of plaintiff's constitutional rights; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). A plaintiff must also plead facts suggesting a "meeting of the minds." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (citations omitted).

The amended complaint's conspiracy count alleges, with no detail, that Defendants "acted jointly and in concert to violate [Cox's] constitutional rights," that "[m]ultiple officers participated in the unlawful entry and subsequent conduct," and that "[s]uch coordinated action constitutes a civil conspiracy under § 1983." (Am. Compl. at 6 ¶¶ 46–48.) These assertions are conclusory. Joint participation in a single search, without more, does not plausibly show an agreement or a meeting of the minds among the officers to violate Cox's constitutional rights. The Court therefore dismisses the civil conspiracy count for failure to state a claim.

## IV. Supervisory Liability

It is well established that generally a supervisor may be held individually liable only for the supervisor's own personal involvement in a constitutional violation. *Iqbal*, 556 U.S. at 676; *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir. 2018). To allege supervisory liability based on a failure to supervise or train, a plaintiff must allege that the supervisor: "(1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3)

CASE 0:26-cv-01838-NEB-EMB Doc. 28 Filed 06/01/26 Page 6 of 13

failed to take sufficient remedial action; (4) proximately causing injury to the plaintiff." *Perkins v. Hastings*, 915 F.3d 512, 524 (8th Cir. 2019) (citation modified).

At best, the amended complaint's Count VII alleges only that Defendant Klund[6] "knew or should have known of the unconstitutional conduct," "failed to properly supervise, train, or discipline subordinate officers," and that those failures "caused the violation of [Cox's] rights." (Am. Compl. at 6 ¶¶ 55–57.) These allegations are formulaic and conclusory. Cox pleads no facts identifying a prior pattern of similar warrantless entries by these subordinate officers, no facts showing that Klund (or anyone else) had notice of such a pattern, and no facts describing how Klund's supervisory practices were constitutionally deficient or how he showed deliberate indifference. The Court therefore dismisses the supervisory liability theory in Count VII without prejudice.[7]

---

[6] The amended complaint and its supporting memorandum and affidavit (ECF Nos. 12–14) do not themselves identify Klund as a supervisor or otherwise distinguish him from the other named officers. Klund is described as "a Minneapolis police sergeant responsible for supervision of the involved officers" only in an attachment to the original complaint. (ECF No. 1-1 at 5.) As noted above, *see supra* note 1, an amended complaint ordinarily supersedes an original pleading. Applied strictly here, that rule would defeat Count VII on the threshold ground that the operative pleading contains no allegation that Klund (or any other Defendant) held any supervisory role. In keeping with the liberal construction owed to *pro se* litigants, the Court relies on the supervisor description in the original complaint and dismisses Count VII because its allegations are conclusory. Cox should not, however, mistake that lenience for a holding that the supervisory description in ECF No. 1-1 remains operative. It does not. Any future pleading he files would need to plead Klund's supervisory role, and the facts supporting supervisory liability, in the operative document itself.

[7] To be clear: to the extent that Cox alleges that Klund personally participated in the warrantless entry and search alongside the other officers, those direct participation claims

## V. Official Capacity Claims Against Officer Defendants

As noted above, Cox sues each individual officer in both individual and official capacities. Official capacity suits against government officers "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 650–51 (8th Cir. 2025) (quoting *Graham*). Because the individual officers all work for the City of Minneapolis, and the City is already a defendant, Cox's official capacity claims against the individual officers are redundant. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity.") The Court therefore dismisses Cox's official capacity claims against all individual officer Defendants with prejudice.

## VI. Claims Against City of Minneapolis

Count VIII alleges that the City of Minneapolis's policies, customs, or failures caused the constitutional violations Cox alleges, including "[f]ailure to train officers on warrant requirements," "[f]ailure to supervise officers," and "[t]olerance of unlawful entry practices." (Am. Compl. at 6 ¶¶ 59–61.) Under *Monell*, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691; *Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023) (same). A plaintiff must instead allege an official municipal "policy or custom" that was the "moving force" behind the constitutional violation. *Monell*, 436 U.S. at 694. The Eighth Circuit recognizes three bases for *Monell* liability: (1) an official policy; (2) an unofficial custom; or (3) a deliberately indifferent

---

will proceed against him. Only the separate theory of supervisory liability based on Klund's supervisory role fails as plead.

CASE 0:26-cv-01838-NEB-EMB Doc. 28 Filed 06/01/26 Page 8 of 13

failure to train or supervise. *Corwin v. City of Indep.*, 829 F.3d 695, 699 (8th Cir. 2016) (quoting cases).

Here again, Cox's *Monell* allegations are conclusory. The amended complaint identifies no specific City policy authorizing warrantless entries, alleges no pattern of similar violations supporting an unofficial custom, and pleads no facts showing deliberate indifference to a known risk of unconstitutional conduct by its officers. Cox's bare assertions that the City failed to train and supervise, and tolerated unlawful searches, are exactly the kind of "[t]hreadbare recitals of the elements of a cause of action" insufficient to survive screening. *Iqbal*, 556 U.S. at 678. The Court therefore dismisses Count VIII without prejudice. Because this is the only count targeting the City of Minneapolis, the Court also dismisses the City of Minneapolis from this action.

## VII. Claims Against Snell S.

The caption in the attachment to the original complaint names Defendant Snell S. (ECF No. 1-1 at 1.[8]) But the filings contain no factual allegations attributing any specific action, decision, or omission to him. Liability under Section 1983 is personal and requires allegations of personal participation in an alleged constitutional deprivation. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014); *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

---

[8] Cox's incomplete pleading causes problems here too. The amended complaint and its supporting memorandum and affidavit do not mention Snell at all. (ECF Nos. 12–14.) So, strictly applying the "amended complaint supersedes" rule, Snell is no longer a defendant. But out of an abundance of caution, and in keeping with the liberal construction owed to *pro se* litigants, the Court instead treats Snell as a defendant in the action and addresses the claims against him on the merits and concludes that they fail.

Because Cox pleads no personal involvement by Snell S., the Court dismisses all claims against Snell S. without prejudice.

## VIII. Remaining Claims

Given the analysis above, the Court concludes that the following claims remain following this initial review:

- Count I (Fourth Amendment unlawful warrantless entry);
- Count II (Fourth Amendment unlawful search and seizure derivative of the entry);
- Count III (Fourth Amendment claim based on the allegedly false or misleading warrant affidavit);
- Count IV (Fourth Amendment malicious-prosecution claim);
- Count VI (claim based on an alleged failure to intervene); and
- Count IX (Fourth Amendment unreasonable seizure and continued retention of Cox's cell phone, together with any Fourteenth Amendment procedural due process theory tied to that retention).

Each of these surviving claims proceeds against Defendants Pobuda, Ottney, Klund, Hamilton, Schroeder, and Cain, in their individual capacities only, together with John Does 1–10 in their individual capacities.[9]

## IX. Pending Motions

What remains for consideration are various motions filed by Cox. First, Cox has filed a "Motion for Early Rule 26(f) Conference and Scheduling Order" (ECF No. 6). The Court denies this motion without prejudice. Under the Federal Rules, the parties' obligation to confer under Rule 26(f) is triggered by a scheduling order or, if none exists, at least twenty-one days before a scheduling conference or a scheduling order is due under Rule 16(b). Fed. R. Civ. P. 26(f)(1). A scheduling order under Rule 16(b) does not issue until "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference" or after receiving the parties' Rule 26(f) report. Fed. R. Civ. P. 16(b)(1). Here, no Defendant has yet been served. There are thus no parties to confer with and no basis to enter a scheduling order. The motion is therefore premature.

Next, Cox files two motions concerning service. The first asks the Clerk of Court to issue summonses for all eight Defendants originally named, including Snell S. and the City of Minneapolis. (ECF No. 15.) The second asks the Court to direct service of the

[9] The Court's conclusion that these claims survive screening reflects only that, on the face of the operative pleading and applying the liberal construction principles owed to *pro se* litigants, the claims are not so deficient as to warrant *sua sponte* dismissal under 28 U.S.C. Section 1915(e)(2)(B). Nothing in this Order should be read to preclude the served Defendants from raising any defense or challenge to the surviving claims they deem appropriate (consistent with the Federal Rules of Civil Procedure) once served.

summonses and operative pleading on all Defendants. (ECF No. 16.) Because the Court will take service-initiating steps below, ECF Nos. 15 and 16 are denied as moot.

Finally, Cox moves for summary judgment. (ECF No. 23.) The motion is premature. This Order represents the first screening-stage review of the amended complaint under 28 U.S.C. Section 1915(e)(2)(B); the action has not progressed to the point where any Defendant could be expected to respond to a dispositive motion. The Court therefore denies ECF No. 23.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Louis Edward Cox III's Amended Complaint (ECF Nos. 12–14, as discussed above) is DISMISSED WITHOUT PREJUDICE, for lack of jurisdiction, to the extent it purports to seek prospective injunctive relief;
2. Counts V, VII, and VIII of the Amended Complaint are DISMISSED WITHOUT PREJUDICE, under 28 U.S.C. Section 1915(e)(2), for failure to state a claim, and the City of Minneapolis is DISMISSED as a Defendant in this action;
3. The Amended Complaint's official-capacity claims against the individual Defendants are DISMISSED WITH PREJUDICE as duplicative;
4. The claims against Defendant "Snell S." are DISMISSED WITHOUT PREJUDICE for failure to state a claim;

5. Cox's Application to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

6. Cox must submit a properly completed Marshal Service Form (Form USM-285) for Defendants Jonathan Pobuda, Marcus Ottney, David Klund, Eric Hamilton, "A. Schroeder," and "M. Cain" (each as sued in their individual capacities). If Cox does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will dismiss this matter without prejudice for failure to prosecute. Marshal Service Forms will be provided to Cox by the Court;

7. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Defendants Pobuda, Ottney, Klund, Hamilton, Schroeder, and Cain (each as sued in their individual capacities), consistent with Rule 4(d) of the Federal Rules of Civil Procedure;

8. If a defendant sued in his or her individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2);

9. Cox's pending motions at ECF Nos. 6 and 23 are DENIED; and

10. Cox's pending motions at ECF Nos. 15 and 16 are DENIED AS MOOT.

Dated: June 1, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge