RECEIVED
AUG 0 6 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
AUG 0 6 2026
U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Louis Edward Cox, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 0:26-cv-01838-NEB-EMB |
| | ) |
| OFFICER JONATHAN POBUDA, et al., | ) MEMORANDUM IN SUPPORT OF PLAINTIFF'S |
| | ) EMERGENCY MOTION FOR THE PRESERVATION |
| Defendants. | ) OF ELECTRONIC EVIDENCE PENDING DISCOVERY |
| | ) |

Plaintiff Louis Edward Cox, III, submits this Memorandum of Law in Support of his Emergency Motion for the Preservation of Electronic Evidence Pending Discovery and Related Rule 65 Relief.

I. THE APPLICABLE INJUNCTIVE STANDARD FOR EVIDENCE PRESERVATION

To secure injunctive relief under Rule 65, the moving party must establish: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981). Plaintiff respectfully submits that the Dataphase factors favor narrowly tailored preservation relief designed to maintain the status quo pending the formal commencement of discovery.

II. ARGUMENT

Plaintiff contends that the threatened loss or routine recycling of electronically stored information constitutes a clear threat of irreparable harm because, once digital records, metadata, or surveillance logs are deleted or overwritten, such evidence may be impossible to reconstruct. The necessity of a

preservation order is illustrated by the official MPD Crime Lab records attached as Exhibit F, which demonstrate that out of seven distinct squads present at the scene of the operation, five resulted in "NO VIDEO" or "NOT IN SYSTEM" entries. This record establishes a legitimate basis to secure a protective order to ensure the remainder of the digital record is frozen.

Plaintiff's request for preservation relief is supported by the State's own criminal discovery record. The October 26, 2020 Rule 7 Notice contains an explicit disclosure providing notice of evidence obtained as a result of a "search, search and seizure, wiretapping, or any forms of electronic or mechanical eavesdropping." Following the dismissal of the criminal complaint on September 1, 2025, "In the interests of justice," Plaintiff is entitled to seek production of the underlying materials to establish his Section 1983 claims. A narrow preservation order creates a clear nexus between these allegations and the evidence by safeguarding all related applications, affidavits, forensic extractions, Cellebrite reports, forensic images, audit trails, and Evidence.com activity logs held by the municipality.

The balance of harms favors preservation relief. Issuing an order to preserve these records imposes no cognizable hardship or injury upon Defendants, as it merely requires them to retain and protect data that they are already obligated to maintain under litigation hold standards. Finally, the public interest is heavily advanced by ensuring the preservation of relevant electronically stored information, protecting the integrity of public records, and ensuring a fair adjudication based on a complete factual record.

CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant his Motion and enter the proposed emergency preservation order.

Dated: August 6, 2026

Respectfully submitted,

/s/ Louis Edward Cox, III

Louis Edward Cox, III

Plaintiff Pro Se