UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Louis Edward Cox, III, | Court File 0:26-CV-01838 (NEB/EMB) |
| Plaintiff, | |
| v. | **DEFENDANTS POBUDA, OTTNEY, KLUND, CAIN, HAMILTON AND SCHROEDER'S OPPOSITION TO PLAINTIFF'S RULE 65 MOTION FOR THE PRESERVATION OF ELECTRONIC EVIDENCE PENDING DISCOVERY** |
| Jonathan Pobuda, et al. | |
| Defendants. | |

---

## **INTRODUCTION**

Defendants Jonathan Pobuda, Marcus Ottney, Darcy Klund, Maiya Cain, Efrem Hamilton, and Andrew Schroeder (collectively, the "Served Defendants" or "Defendants") oppose Plaintiff Louis Edward Cox III's Emergency Motion for the Preservation of Electronic Evidence Pending Discovery, ECF 58-59 ("Plaintiff's Motion to Preserve Evidence" or "Plaintiff's Motion"). Defendants will comport with all applicable rules regarding document preservation and production, and have already taken steps to maintain all information potentially relevant to this lawsuit. Plaintiff's Motion is without merit and unnecessary, and should be denied.

## **ARGUMENT**

Plaintiff brings his Motion to Preserve Evidence under Federal Rule of Civil Procedure 65, but does not specify whether he seeks a preliminary injunction or temporary restraining order. Either form of injunctive relief is an extraordinary remedy, and the burden rests with the movant to establish its propriety. *See Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). When considering whether either variety of such relief is warranted, a district court considers the

same four factors: (1) the threat of irreparable harm to the movant, (2) the balance between this harm and the injury that the injunction will inflict on other parties, (3) the probability that the movant will succeed on the merits and (4) the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981); *Jackson v. Macalester Coll.*, 169 F. Supp. 3d 918, 921 n.1 (D. Minn. 2016) (noting that the "same legal standard applies to both a request for a temporary restraining order and a request for a preliminary injunction") (citation omitted).

"[T]he failure of a movant to show irreparable harm is an independently sufficient basis upon which to deny" injunctive relief. *Choreo, LLC v. Lors*, 164 F.4th 667, 671 (8th Cir. 2026) (citation omitted). Plaintiff has made no reliable showing that irreparable harm is likely to ensue if the injunctive relief he seeks is not granted, and his motion should therefore be denied on this ground alone. With or without injunctive relief, Defendants (and Plaintiff as well) are charged with an obligation to preserve evidence that may be relevant to Plaintiff's claims. *Escamilla v. SMS Holdings Corp.,* Civ. NO. 09–2920 (ADM/JSM), 2011 WL 5025254, at *8 (D. Minn. Oct. 21, 2011) ("The obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future . . . litigation."); *E*Trade Securities LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 588 (D. Minn. 2005) (similar). Defendants are well aware of this obligation, in accordance with which the Minneapolis City Attorney's Office has issued a compliant litigation hold.

Where, as here, defendants have acknowledged their obligation to preserve relevant evidence, court consistently deny requests for injunctive relief to preserve documents. *Waters v. Cafesjian Fam. Found., Inc.*, No. CIV. 12-648 RHK/LIB, 2012 WL 2904806, at *2 (D. Minn. June 27, 2012), *report and recommendation adopted,* No. CIV. 12-648 RHK/LIB, 2012 WL 2906573 (D. Minn. July 16, 2012) (explaining that "the issuance of a temporary restraining order

or preliminary injunction [would] not 'add a more compelling deterrence to the fraudulent or intentional destruction of documents than is presented by the 'spoliation of evidence' and related doctrines'") (quoting *In re Potash Antitrust Litig.*, Civ. No. 3-93-197, 1994 WL 1108312, at *8 (D. Minn. Dec. 5, 1994)); *see also, e.g.*, *Young v. Garland*, No. 25-CV-00472-LM-TSM, 2026 WL 1082633, at *3 (D.N.H. Apr. 3, 2026), *report and recommendation adopted*, No. 25-CV-472-LM-TSM, 2026 WL 1081087 (D.N.H. Apr. 21, 2026) (noting that the "risk of destruction of evidence and irreparable harm" is "diminished" where litigants have an acknowledged "duty to preserve" the same, and denying injunctive relief on this ground). This Court should likewise deny Plaintiff's Motion on this ground alone.

To the extent the Court reaches the additional *Dataphase* factors, they likewise strongly counsel in favor of the denial of Plaintiff's Motion. The injunctive relief sought by Plaintiff is not related to the merits of his claims, and thus an assessment of his likelihood of success on the merits is irrelevant here. Further, it is unnecessarily burdensome to require parties to make, or respond to, motions for so-called emergency relief aimed at nothing more than the preservation of documents at the outset of litigation when such preservation is required in the normal course of litigation. The burden that the issuance of injunctive relief would impose on Defendants is thus wholly unwarranted.

In short, there is no need for emergency relief at this juncture of the case, and Plaintiff has failed to meet his burden to demonstrate otherwise. Plaintiff's Rule 65 Motion to Preserve Evidence should be denied.

Respectfully submitted,

Dated: August 12, 2026

MINNEAPOLIS CITY ATTORNEY'S OFFICE
Kristyn Anderson - City Attorney

By */s/ Antonia Konkoly*
ANTONIA KONKOLY (#0504377)
MARK ENSLIN (#0338813)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street
Minneapolis, MN 55415
(612) 430-8310
(612) 673-2548
toni.konkoly@minneapolismn.com
mark.enslin@minneapolismn.gov

*Attorneys for the Served Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, I caused to be served a copy of Defendants Pobuda, Ottney, Klund, Cain, Hamilton, and Schroeder's Response to Plaintiff's Motion for Leave to File an Amended Complaint via United States mail to the following addresses, postage paid, to:

Louis Edward Cox, III
1811 Irving Avenue North
Minneapolis, MN 55411

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

Dated: August 12, 2026
Hennepin County, Minnesota

*/s/ Antonia Konkoly*